UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILCO MARSH BUGGIES & DRAGLINES, INC., *Plaintiff* | CIVIL ACTION NO.  20-3135 |
| VERSUS | SECTION:  "J" (1) |
| | JUDGE CARL J. BARBIER |
| WEEKS MARINE, INC., *Defendant* | MAGISTRATE JUDGE JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is Weeks Marine, Inc.'s Motion to Quash and/or Motion for Protective Order concerning the subpoenas issued by Wilco March Buggies & Draglines, Inc. for the apex depositions of Weeks Marine's CEO Richard Weeks and President Eric Ellefsen.  (Rec. Doc. 17). Finding that the importance of conducting this discovery now is outweighed by the burden and that Weeks Marine has established good cause, the Motion is GRANTED; the depositions of Weeks and Ellefsen shall not occur until after Wilco conducts less intrusive discovery and Wilco can make some showing that Mr. Weeks and Mr. Ellefsen have unique personal knowledge of relevant information.

Background

This is a patent infringement case against a customer of the manufacturer of the alleged infringing  product: an amphibious vehicle. Wilco is a Louisiana company that specializes in the design and manufacture of marsh equipment and applications, including amphibious vehicles that are capable of performing excavation operations in water and on land. At issue in the present litigation is an amphibious vehicle covered by U.S. Patent No. 6,981, 801 ("'801 Patent") that operates on dry land, soft terrain, or while floating. The vehicle includes a chassis formed by two interconnected pontoon sections sized such that the chassis and all equipment will float. The

1

pontoons are fitted with a track system providing propulsion to the vehicle. The chassis contains a plurality of spuds that are deployed to a position extending below the bottom of the pontoons to stabilize the vehicle for operations while floating.

According to Wilco, Weeks relied on Wilco's amphibious vehicles for its excavation service contracts for years. Then Weeks purchased two amphibious excavators with spud-equipped supplementary pontoons manufactured by a Malaysian company, EIK Engineering SDN. BHD. ("EIK Engineering") through its U.S. Distributor, EIK International Corp. Wilco alleges that the EIK Engineering "Amphibious Excavator" series vehicles ("EIK Vehicles") infringe the '801 Patent.

On November 18, 2020, Wilco initiated the present action against Weeks Marine pursuant to the U.S. Patent Act, as amended by the Leahy-Smith America Invests Act, 35 U.S.C. §1, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §2201 for Weeks Marine's alleged intentional infringement and misappropriation of the '801 Patent by its use of the allegedly infringing EIK Vehicles. Wilco seeks recovery of trebled compensatory damages, reasonable attorneys' fees, interests, and costs, as well as a preliminary and permanent injunction.

Weeks asserts numerous defenses, including that the '801 Patent is invalid because it fails to satisfy one more of the requirements for patentability. Weeks Marine also asserts a counterclaim for a declaratory judgment that Weeks Marine has not and does not infringe any valid and enforceable claim of the '801 Patent and that one or more claims of the '801 Patent are invalid. Weeks Marine alleges that its counterclaim presents exceptional circumstances under 35 U.S.C. § 285 and it seeks an award of its reasonable attorneys' fees.

In June 2021, the District Court vacated the standard scheduling order that had been issued in this case and issued patent specific deadlines, which culminated in a <u>Markman</u> Hearing[1] held on February 9, 2022. The District Court took the parties' arguments under advisement. A date for the merits trial has not yet been set.

The present motion concerns Wilco's subpoenas for the depositions of Weeks Marine's CEO Mr. Weeks and its President Mr. Ellefsen. According to Weeks Marine, these high level individuals do not have the most knowledge of the accused products. Weeks Marine has submitted the declarations of Mr. Weeks and Mr. Ellefsen, who explain that Weeks Marine employs approximately 1500 people across three major divisions and two subsidiaries with headquarters in New Jersey and additional offices in Houston, Texas; Covington, Louisiana; Aiea, Hawaii; and in Canada. They say that their roles as president and CEO are time consuming and demanding. They declare that they have no personal knowledge of the circumstances and details surrounding the acquisition of the EIK Vehicles or their use, operation, functioning, or assignment on any project. Weeks Marine points out that no depositions have been taken yet. It insists that depositions of witnesses with more factual knowledge of the relevant issues must be taken first because they would be a less invasive means of obtaining the sought after information. It has identified a list of the individuals who do have more information in its written discovery responses.

Weeks Marine recognizes that Wilco co-owner Dean Wilson asserts that he provided Mr. Weeks and Mr. Ellefsen with notice that the EIK Vehicles infringe on the asserted patent during a conversation in August 2019. But Weeks Marine argues that even if this is true, it is irrelevant to

---

[1] The court, and not the jury, must construe the meaning of the claims in the patent itself. <u>Markman v. Westview Instruments, Inc.,</u> 517 U.S. 370, 372 (1996) ("[T]he construction of a patent, including terms of art within its claim, is exclusively within the province of the court."). A court may construe the claims based on the submissions of the parties or may hold what is known as a <u>Markman</u> hearing to take evidence on the construction of the claims. <u>See</u> 1 Annotated Patent Digest § 3:16.

the issues in this case because the spud-equipped auxiliary pontoons were not being used by Weeks Marine as of August 2019 or since then. Thus, it argues that the August 2019 communication could not, as a practical matter, trigger pre-suit damages, enhanced damages, or attorneys' fees.

Wilco opposes the motion. It complains that although it served the deposition subpoenas more than two weeks earlier, Weeks Marine waited until the day before the depositions were to take place to file its Motion to Quash and for Protective Order. It argues that Weeks Marine cannot establish good cause for a protective order because the discovery is not cumulative, Wilco has not had ample opportunity to obtain the information, and the burden on Weeks Marine would be minimal.

Wilco insists that Mr. Weeks and Mr. Ellefsen possess personal, unique, and superior knowledge relevant to this case. It describes Mr. Wilson's attempts, beginning August 12, 2019, to discuss with Mr. Weeks his concerns that the EIK Vehicles infringed on Wilco's patent and his eventual conversation with Mr. Ellefsen about the alleged infringement. According to Mr. Wilson, Mr. Ellefsen stated he would discuss the issue with his attorneys. Wilco asserts that Weeks Marine has admitted to consciously deciding to stop using the vehicles and it contends this decision "presumably came from these high-level executives." Wilco contends that because these conversations were in person and personal, it is not possible to obtain reliable information regarding those conversations from other witnesses. It argues that it is entitled to know what Mr. Weeks and Mr. Ellefsen did with the information they received from Mr. Wilson. In response to Weeks Marine's contention that the EIK Vehicles were not in use in August 2019 and have not been used since, Weeks Marine argues it is entitled to discover internal decisions made by Weeks Marine after receiving notice from Mr. Wilson. It suggests that perhaps the equipment was not being used because no jobs required it and after learning of the patent-in-suit, Weeks Marine

4

instructed its employees not to use it on future jobs. It submits it is entitled to the depositions of Mr. Weeks and Mr. Ellefsen to discover why Weeks Marine owns two pieces of expensive equipment that it has not used in three years. It insists that alternative discovery efforts would not be successful because Weeks Marine's prior responses have been inconsistent.[2] It rejects any suggestion that it serve written interrogatories on Mr. Weeks and Mr. Ellefsen.

Wilco further argues that the apex doctrine is inapplicable in this case because the doctrine is not strictly applied in the Fifth Circuit. Even if the standard did apply, it argues that the depositions would be warranted because Mr. Weeks and Mr. Ellefsen had in-person conversations regarding the use of the EIK Vehicles. It submits that Mr. Wilson's failure to use precise legal jargon during these conversations is immaterial.

In reply, Weeks Marine argues that its decision not to use the EIK Vehicles during the pendency of the lawsuit does not warrant deposing Mr. Weeks and Mr. Ellefsen. First, it submits that it has already identified several lower level employees with knowledge of the purchase and use of the EIK Vehicles. It says that if Wilco deposes those individuals, it will learn that Weeks Marine has used the EIK amphibious excavators extensively, but the EIK supplemental pontoons (which allow for easy removal of spuds from the excavator) have only been used a small number of times because spuds are not needed or desired in many situations. Weeks Marine adds that its counsel stipulated that Weeks Marine would not use the EIK supplemental pontoons during the pendency of this lawsuit as part of the parties' joint motion to modify the scheduling order. Weeks Marine argues that the reasoning behind this decision is protected by the attorney-client privilege and the opinion work product doctrine. Weeks Marine further argues that Mr. Weeks and Mr.

---

[2] For example, Wilco says that although Mr. Ellefsen admitted to having a conversation with Mr. Wilson about the EIK excavators infringing on Wilco's patent, Weeks Marine's interrogatory responses stated that it did not become aware of the patent-in-suit until the Wilco demand letter sent shortly before suit was filed in November 2020.

Ellefsen's declarations and Weeks Marine's discovery responses are not inconsistent with regard to when it became aware of the patent in suit. It points out that Mr. Wilson did not identify the patent in suit in his 2019 conversations with Mr. Weeks and Mr. Ellefsen. Weeks Marine insists that Wilco has provided no justifiable basis for taking the depositions of Mr. Weeks and Mr. Ellefsen before the lower-level employees.

Weeks Marine also addresses Wilco's argument that it has used the wrong standard. It submits that it does not argue that Mr. Ellefsen and Mr. Weeks cannot be deposed, but simply that Wilco must first exhaust less invasive means of discovery.

<u>Law and Analysis</u>

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u>

2. *Protective Order*

Indeed, Federal Rule of Civil Procedure 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, issuing an order "forbidding the disclosure or discovery" or "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. Proc.

6

26(c)(1). "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

*3. Apex Depositions*

Although federal courts say they do not employ an "apex doctrine" to preclude the deposition of executives, they have required that the 30(b)(6) deposition and/or the depositions of lower ranking employees with more direct knowledge of the relevant facts be taken first. See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (finding no error in the trial court's order requiring the plaintiff first take the deposition of the employees that had most direct knowledge of the relevant facts before it would allow the deposition of the company's president); Gaedeke Holdings VII, Ltd. v. Mills, No. 3:15-MC-36-D-BN, 2015 WL 3539658, at *3 (N.D. Tex. June 5, 2015) (concluding that the state law "apex doctrine" was not applicable in federal court and that deposition of high level executives will be allowed when their knowledge is relevant to the case, but noting that the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking such as deposition, by way of deposing lesser-ranking employees); Gauthier v. Union Pac. R. Co., No. CIVA1:07CV12(TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008) (requiring the plaintiff first take the deposition of defendant's 30(b)(6) before the court would consider whether to allow the deposition of executives).

*4. Analysis*

The court finds that the relevance of Mr. Weeks and Mr. Ellefsen's testimony is, at best, tangential. In briefing, Wilco has highlighted an August 2019 conversation about the purported infringement and the possibility that these conversations resulted in a conclusion by high level Weeks Marine executives that the EIK Vehicles infringe on Wilco's patent. At oral argument,

Wilco conceded that to the extent the vehicles have not been used after that conversation, the conversation is irrelevant to the question of damages.[3] Wilco also conceded it had no evidence that the vehicles had been used after that time. Thus, there is no basis at this time to find the testimony of Mr. Weeks and Mr. Ellefsen is relevant to damages.

According to Weeks Marine, depositions of the employees who are personally familiar with the use and operation of the EIK Vehicles will shed light on when the allegedly infringing equipment was being used, and when and why Weeks Marine stopped using the equipment. The court finds that, at a minimum, discovery must be had into these issues before it will even be possible to conclude that the testimony of Mr. Weeks and Mr. Ellefsen could be relevant to damages.

Wilco insisted that the testimony of Mr. Weeks and Mr. Ellefsen was nonetheless relevant to determining why Weeks Marine stopped using the EIK Vehicles in August 2019. Wilco submits that in their declarations, Mr. Weeks and Mr. Ellefsen carefully avoided stating that they decided to stop using the EIK Vehicles to avoid infringing on the '801 Patent. The court is not convinced the Weeks and Ellefsen declarations are evasive. Even if the declarations regarding the August 2019 conversations with Mr. Wilson leave open questions, the court still fails to see the relevance of either the conversations or whatever decision making may have followed. To establish patent infringement, Wilco must show that Weeks Marine used equipment that infringed the '801 Patent.[4]

---

[3] Enhanced damages may be awarded in egregious cases, such as where infringement is willful. See Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93, 103 (2016); SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc., 127 F.3d 1462, 1464 (Fed. Cir. 1997). In seeking treble damages and an attorneys' fee, Wilco alleges that Weeks Marine's "past and continuing infringement of the '801 Patent was and is intentional, deliberate, willful, and without regard to Wilco's rights, as shown by [Weeks Marine's] actual and constructive knowledge of the patented invention of the '801 Patent." (Rec. Doc. 1, at 20).

[4] "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C.A. § 271(a). There is no knowledge or intent required to establish direct infringement under § 271(a). Glob.-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 761 n.2 (2011).

The reason Weeks Marine stopped using the allegedly infringing EIK Vehicles does not bear on whether or not it used them, whether or not the EIK Vehicles infringe on the '801 patent, or whether the '801 Patent is valid.[5]

Wilco also argued at oral argument that Weeks Marine is a closely held corporation and that everyone in the industry knows that the buck stops with Mr. Weeks. Weeks Marine pointed out that the only evidence of record on this issue is Mr. Weeks' declaration that he is not involved with the day to day of dredging operations. The court agrees. At this time there is no basis to conclude that Mr. Weeks or Mr. Ellefsen could provide any relevant testimony with regard to the use or non-use of the EIK Vehicles, let alone uniquely relevant testimony.

The court finds that the minimal, if any, relevance of Mr. Weeks' and Mr. Ellefsen's testimony is outweighed by the burden of conducting the depositions. Mr. Weeks and Mr. Ellefsen are the two highest ranking officials of a company with approximately 1,500 employees and at least six offices in the United States and Canada. The court further court finds good cause to quash the deposition subpoenas and delay the depositions. Wilco must first conduct less intrusive discovery. Weeks Marine proposes several possible options, including interrogatories, depositions of the individuals with personal knowledge of the use of the EIK Vehicles, or a corporate deposition. The court will not dictate what discovery must first be conducted.  If and when additional discovery shows that Mr. Weeks and/or Mr. Ellefsen may possess unique personal knowledge of matters relevant to the issues in this case, then the parties can revisit the possibility of deposing Mr. Weeks and/or Mr. Ellefsen, and, if the parties are unable to resolve the matter on their own, bring it to the court for resolution.

---

[5] As discussed above, there is no basis at this time to suspect that the testimony would be relevant to willfulness for the purpose of enhanced damages.

<u>Conclusion</u>

Because the court finds the testimony of Mr. Weeks and Mr. Ellefsen is not relevant, Weeks Marine's Motion to Quash is GRANTED. The depositions of Mr. Weeks and Mr. Ellefsen shall not proceed unless and until Wilco conducts less intrusive discovery and Wilco can make some showing that Mr. Weeks and Mr. Ellefsen have unique personal knowledge of relevant information.

New Orleans, Louisiana, this 11th day of March, 2022.

Janis van Meerveld
United States Magistrate Judge